IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-00133-PAB-SBP

PEGGY COLLINS,

    Plaintiff,

v.

BINDUO ELECTRONIC BUSINESS INC.,

    Defendant.

# ORDER

This matter comes before the Court on Plaintiff's Motion for Default Judgment [Docket No. 21]. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

Plaintiff Peggy Collins is a professional digital artist. Docket No. 1 at 2, ¶ 10. Ms. Collins' digital artworks are original, creative works, and she has obtained active and valid copyright registrations for many of them. *Id.* at 2-3, ¶¶ 12-13. Defendant Binduo Electronic Business Inc. ("Binduo") is a Colorado corporation that "owns and operates a vendor account on Walmart[2] named [ ] Binduo (the 'Account')." *Id.* at 1-2, ¶¶ 3, 6

---

[1] Because of the Clerk of Court's entry of default against defendant, *see* Docket No. 18, the factual allegations in plaintiff's complaint, Docket No. 1, are deemed admitted. *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).

[2] The complaint does not explain what an "account on Walmart" is.

(footnote added).  Binduo uses the Account to sell merchandise to the public.  *Id.* at 3, ¶ 17.

On December 24, 2018, Ms. Collins authored a digital artwork of a stained-glass cat ("Digital Artwork").  *Id.*, ¶ 18.  On June 10, 2021, the Digital Artwork was registered by the United States Copyright Office ("USCO") under Registration No. VA-2-258-963.  *Id.*, ¶ 19.  On February 12, 2022, Ms. Collins "observed the Digital Artwork on the Account in a listing as a Picture Kit."  *Id.*, ¶ 20.  The Digital Artwork was displayed eight times at the following web address: https://www.walmart.com/ip/Binduo-Cute-Cat-5D-DIY-Full-Drill-Square-Diamond-paint-Mosaic-Art-Picture-Kit/965636503.  *Id.*, ¶ 21; *see* Docket No. 1-1.  Binduo did not have permission from Ms. Collins to display the Digital Artwork.  Docket No. 1 at 1, 4, ¶¶ 4, 23.

Ms. Collins brings one claim for direct copyright infringement in violation of 17 U.S.C. § 501 et seq.  *Id.* at 6-8, ¶¶ 39-47.

## II.  ANALYSIS

Before addressing the merits of Ms. Collins' motion for default judgment, the Court must determine whether it has personal jurisdiction over Binduo.  *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (holding that "a district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case").  The plaintiff bears the burden of establishing personal jurisdiction.  *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988).  The plaintiff can satisfy this burden by making a *prima facie* showing.  *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).  A court will accept the well-pled allegations of

the complaint as true in determining whether a plaintiff has made a *prima facie* showing that personal jurisdiction exists. *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). If the presence or absence of personal jurisdiction can be established by reference to the complaint, the court need not look further. *Id.* The plaintiff, however, may also make this *prima facie* showing by putting forth evidence that, if proven to be true, would support jurisdiction over the defendant. *Id.*

Proper service is a jurisdictional prerequisite to litigation. *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998) ("Effectuation of service is a precondition to suit."). Without proper service, a court lacks personal jurisdiction over a defendant. *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th Cir. 1992). The Federal Rules of Civil Procedure provide that a corporation, partnership, or unincorporated association can be served in the manner prescribed under Rule 4(e)(1) for serving an individual. Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) allows service to be made "following state law" of either the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1).

Ms. Collins argues that Binduo was served pursuant to Colo. Rev. Stat. § 7-90-704(2). Docket No. 21-1 at 2. That statute provides:

> If an entity that is required to maintain a registered agent pursuant to this part 7 has no registered agent, or if the registered agent is not located under its registered agent name at its registered agent address, or if the registered agent cannot with reasonable diligence be served, the entity may be served by registered mail or by certified mail, return receipt requested, addressed to the entity at its principal address.

Colo. Rev. Stat. § 7-90-704(2). The certificate of service states that a copy of the summons, complaint, and exhibits was served on Binduo via USPS Certified Mail at the address for Binduo's listed registered agent:

3

>Binduo Electronic Business Inc
>c/o Nana Guo
>1329 Main Street
>Carbondale, CO 81623

Docket No. 13.  This mailing address is Binduo's principal place of business.  *See* Docket No. 1 at 2, ¶ 6.  Pursuant to Colo. Rev. Stat. § 7-90-704(2), a plaintiff may serve a corporation that has a registered agent by certified mail at the corporation's "principal address" if (1) the registered agent is not located under its registered agent name at its registered agent address; or (2) the registered agent cannot be served with reasonable diligence.  Colo. Rev. Stat. § 7-90-704(2).  Ms. Collins provides no evidence that Binduo's registered agent is not located under its registered agent name at its registered agent address.  Furthermore, Ms. Collins provides no evidence that she attempted to serve Binduo's registered agent by any means other than certified mail.  Because Ms. Collins has failed to show that the registered agent could not be located at the listed address or be served with reasonable diligence, the Court finds that service via certified mail does not constitute proper service.  *Cf. Warming Trends, LLC v. Flame DesignZ, LLC,* No. 22-cv-00252-PAB-STV, 2023 WL 196288, at *3 (D. Colo. Jan. 17, 2023) (holding that defendant could be served by certified mail where plaintiff provided evidence that it had unsuccessfully attempted service at the registered agent's listed address, at a different address where an investigator had located the agent, and at defendant's alternate business address).

Ms. Collins has not perfected service against Binduo, and the Court therefore lacks personal jurisdiction over Binduo.  Because service on Binduo is "insufficient but curable," Ms. Collins will be allowed an opportunity to properly serve Binduo with process.  *See AMG Nat'l Corp. v. Wright*, No. 20-cv-02857-PAB-KLM, 2021 WL

4

4170459, at *4 (D. Colo. Sept. 14, 2021) (denying motion for default judgment based on improper service and providing time for plaintiff to attempt proper service). Therefore, within 30 days of the entry of this order, Ms. Collins may attempt to serve Binduo pursuant to Fed. R. Civ. P. 4.

### III. CONCLUSION

Therefore, it is

**ORDERED** that Plaintiff's Motion for Default Judgment [Docket No. 21] is **DENIED** without prejudice. It is further

**ORDERED** that, within **30 days** of the entry of this order, Ms. Collins shall serve Binduo pursuant to Fed. R. Civ. P. 4.

DATED March 26, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge