IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-00133-PAB-RTG

PEGGY COLLINS,

    Plaintiff,

v.

BINDUO ELECTRONIC BUSINESS INC.,

    Defendant.

---

**ORDER**

---

This matter comes before the Court on the Motion by Plaintiff for Reconsideration of Court's Order [Docket No. 29]. Plaintiff, Peggy Collins, asks the Court to reconsider its March 26, 2024 order denying her motion for default judgment. Docket No. 29 at 1-2. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

Ms. Collins brings one claim for direct copyright infringement in violation of 17 U.S.C. § 501 et seq, alleging that defendant Binduo Electronic Business Inc. ("Binduo") infringed on a copyright she holds. Docket No. 1 at 6-8, ¶¶ 39-47. Ms. Collins filed a motion for default judgment on this claim on April 20, 2023. Docket No. 21. The details of Ms. Collins's allegations are discussed in the Court's order, issued March 26, 2024, denying that motion. *See* Docket No. 28 at 1-2.

The Court denied Ms. Collins's motion for default judgment because the Court found that Ms. Collins had not perfected service against Binduo, and that therefore the

Court lacked personal jurisdiction over Binduo. *Id.* at 4. In her motion for default judgment, Ms. Collins stated that she had served Binduo via certified mail pursuant to Colo. Rev. Stat. § 7-90-704(2). Docket No. 21-1 at 2. That statute provides:

> If an entity that is required to maintain a registered agent pursuant to this part 7 has no registered agent, or if the registered agent is not located under its registered agent name at its registered agent address, or if the registered agent cannot with reasonable diligence be served, the entity may be served by registered mail or by certified mail, return receipt requested, addressed to the entity at its principal address.

Colo. Rev. Stat. § 7-90-704(2). The declaration of Ms. Collins's attorney, Craig B. Sanders, attached to the motion for default judgment, discussed only the attempt to serve Binduo via certified mail. Docket No. 21-6 at 2, ¶ 6. The Court, in denying the motion, explained that:

> Ms. Collins provides no evidence that Binduo's registered agent is not located under its registered agent name at its registered agent address. Furthermore, Ms. Collins provides no evidence that she attempted to serve Binduo's registered agent by any means other than certified mail. Because Ms. Collins has failed to show that the registered agent could not be located at the listed address or be served with reasonable diligence, the Court finds that service via certified mail does not constitute proper service.

Docket No. 28 at 4.

In the motion for reconsideration, Ms. Collins points to a declaration filed by another of her attorneys, James Freeman. Docket No. 29 at 2-3. The declaration, filed on February 13, 2023, states that:

> On January 19, 2023, Plaintiff attempted to serve Defendant Binduo Electronic Business, Inc. ("Defendant") through the registered agent listed on the Colorado Secretary of State's website. The attempt was unsuccessful and it appears Defendant has failed to update the correct address for its registered agent. Accordingly, on February 8, 2023, Plaintiff mailed Defendant, by U.S. Certified Mail, a copy of the summons and complaint to its last known business.

Docket No. 11-1 at 1-2, ¶ 4.  Ms. Collins argues that, based on this declaration, the Court should reconsider its March 26, 2024 order and find that she did submit sufficient evidence demonstrating that service via certified mail under Colo. Rev. Stat. § 7-90-704(2) was proper.  Docket No. 29 at 2-3.

## II.  ANALYSIS

Ms. Collins requests reconsideration of the Court's order under Federal Rule of Civil Procedure 60(a).  *Id.* at 2.  Rule 60(a) states that a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  The rule "may be relied on to correct what is erroneous because the thing spoken, written, or recorded is not what the person intended to speak, write, or record."  *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989) (emphasis omitted) (citing *Allied Materials Corp. v. Superior Prods. Co.*, 620 F.2d 224, 226 (10th Cir. 1980)).  "[T]he relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule."  *Matter of W. Texas Mktg. Corp.*, 12 F.3d 497, 504 (5th Cir. 1994).

Ms. Collins does not identify any clerical error in the March 26, 2024 order.  Although Ms. Collins does not explain, presumably she argues that the Court made a "mistake" by overlooking the Freeman declaration.  Docket No. 29 at 2.  The Court finds that Ms. Collins has failed to demonstrate any proper grounds to "correct" the March 26, 2024 order denying her motion for default judgment.  The Freeman declaration, which discusses the attempt to serve Binduo's registered agent, Docket No. 11-1, was not attached to the motion for default judgment.  Nor did the motion for default judgment or

3

any attachments to the motion refer to the Freeman declaration or to the January 19, 2023 attempt to serve defendant. Rather, Mr. Freeman's declaration was attached to the Motion by Plaintiff for 30-Day Adjournment of Case Management Conference. *See* Docket No. 11. Ms. Collins's motion for reconsideration does not explain why the Court, in considering her motion for default judgment, should have checked the exhibits to an unrelated motion to postpone a scheduling hearing. It is not the Court's role to search the docket for other filings that may supplement a party's motion. *See Gross v. Burggraf Construction Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995) (citing *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Thus, Ms. Collins has failed to show any "mistake" by the Court or any "oversight" that would constitute grounds to "correct" the March 26, 2024 order pursuant to Rule 60(a). The Court will therefore deny the motion for reconsideration.

### III. CONCLUSION

It is therefore

**ORDERED** that the Motion by Plaintiff for Reconsideration of Court's Order [Docket No. 29] is **DENIED**. It is further

**ORDERED** that plaintiff may file a complete motion for default judgment on or before **April 10, 2025**.

DATED March 20, 2025.

> BY THE COURT:
>
> PHILIP A. BRIMMER
> Chief United States District Judge

4