IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-00133-PAB-RTG

PEGGY COLLINS,

    Plaintiff,

v.

BINDUO ELECTRONIC BUSINESS, INC.,

    Defendant.

---

## ORDER

---

    This matter comes before the Court on Plaintiff's Motion for Default Judgment [Docket No. 32].

### I. BACKGROUND[1]

    Plaintiff Peggy Collins is a professional digital artist by trade who is the legal and rightful owner of images which Ms. Collins licenses to online and print publications. Docket No. 1 at 2, ¶ 10. Ms. Collins has invested significant time and money in building her digital art portfolio. *Id.*, ¶ 11. Ms. Collins's digital artworks are original, creative works in which she owns protectable copyright interests. *Id.* at 3, ¶ 13. On December 24, 2018, Ms. Collins authored a digital artwork of a stained-glass cat (the "Work"). *Id.*, ¶ 18. A copy of the Work is attached to the complaint. *See* Docket No. 1-1. On June

---

[1] Because of the Clerk of Court's entry of default, *see* Docket No. 18, the factual allegations in plaintiff's complaint, Docket No. 1, are deemed admitted. *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).

10, 2021, the Work was registered by the United States Copyright Office under Registration No. VA-2-258-963.  Docket No. 1 at 3, ¶ 19.

Binduo Electronic Business Inc. ("Binduo") is a Colorado corporation with a principal place of business at 1329 Main Street, Carbondale, Colorado 81623.  *Id.* at 2, ¶ 6.  Binduo owns and operates a vendor account on Walmart named as Binduo (the "Account").  *Id.* at 1, ¶ 3.  Binduo is the registered owner and operator of the Account and is responsible for its content.  *Id.* at 3, ¶¶ 14-15.  The Account is monetized in that it sells merchandise to the public, and Binduo profits from these activities.  *Id.*, ¶ 17.

On or about February 12, 2022, Ms. Collins first observed the Work on the Account in a listing as a picture kit.  *Id.*, ¶ 20.  The Work was displayed eight times at a URL on Walmart.com (the "infringements").  *Id.*, ¶ 21.  Each infringement contains an exact copy of the entirety of Ms. Collins's original image that was directly copied and stored by Binduo on the Account.  *Id.* at 5, ¶ 26.  The Work was copied, stored, and displayed without license or permission.  *Id.* at 4, ¶ 24.  The infringements increased traffic to the Account and, in turn, caused Binduo to realize an increase in its or merchandise sales.  *Id.* at 6, ¶ 34.  A large number of people have viewed the unlawful copies of the Work on the Account.  *Id.*, ¶ 35.  Binduo's use of the Work, if widespread, would harm Ms. Collins's potential market for the Work and products which she advertises on her website.  *Id.*, ¶ 37.

On January 17, 2023, Ms. Collins filed this case, bringing a claim against Binduo under 17 U.S.C. § 101 *et seq.* for copyright infringement.  *Id.* at 6-8, ¶¶ 39-47.  On February 9, 2023, Ms. Collins sent by certified mail a copy of the complaint and summons to Binduo's principal place of business.  *See* Docket No. 32-1 at 2.  Binduo

has not made an appearance in this action.  On March 16, 2023, the Clerk of the Court

entered default against Binduo.  Docket No. 18.  On April 20, 2023, Ms. Collins filed a

motion for default judgment.  Docket No. 21.  For reasons discussed later in this order,

the Court denied that motion.  *See* Docket No. 28.  On April 10, 2025, Ms. Collins filed

the present motion for default judgment.  Docket No. 32.  In addition to obtaining default

judgment, Ms. Collins seeks statutory damages in the amount of $5,000, attorney's fees

in the amount of $997.50, costs in the amount of $400.00, and post-judgment interest.

Docket No. 32 at 1-2.

## II.  LEGAL STANDARD

In order to obtain a judgment by default, a party must follow the two-step process

described in Fed. R. Civ. P. 55.  First, the party must seek an entry of default from the

Clerk of the Court under Rule 55(a).  Second, after default has been entered by the

Clerk, the party must seek judgment under the strictures of Rule 55(b).  *See Williams v.

Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished

table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound

discretion."  *Olcott*, 327 F.3d at 1124 (citation omitted).  In exercising that discretion, the

court considers that "[s]trong policies favor resolution of disputes on their merits."  *In re

Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted).  "The

default judgment must normally be viewed as available only when the adversary

process has been halted because of an essentially unresponsive party."  *Id.*  Default

judgment serves to protect a plaintiff against "interminable delay and continued

uncertainty as to his rights."  *Id.* at 733.  When "ruling on a motion for default judgment,

the court may rely on detailed affidavits or documentary evidence to determine the

appropriate sum for the default judgment." *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

A party may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard.") (internal citation omitted). One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2688.1 (4th ed., 2022 rev.). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Id*. A court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.,* 291 F.3d 1227, 1232 (10th Cir. 2002). Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable

legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and

citation omitted).

To obtain a default judgment for a sum certain, the plaintiff must show the

following by affidavit.  First, that the party in default is (1) not a minor or an incompetent

person, (2) is not in military service, and (3) has not made an appearance.

D.C.COLO.LCivR 55.1(a)(1).  Second, that the sum is certain or the sum can be made

certain by computation.  D.C.COLO.LCivR 55.1(a)(2).  Additionally, the plaintiff must

submit a proposed form of judgment that shows (1) the party in favor of whom judgment

shall be entered, (2) the party against whom judgment shall be entered, (3) the sum

certain amount consisting of the principal amount, prejudgment interest, and the rate of

post judgment interest, and (4) the sum certain of attorney fees.  D.C.COLO.LCivR

55.1(b).

## III.  ANALYSIS

### A.  <u>Jurisdiction</u>

Before entering default judgment, the court must determine whether it has

subject matter jurisdiction over the case and personal jurisdiction over the defendant.

*See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th

Cir. 1997) (holding that "a district court must determine whether it has jurisdiction over

the defendant before entering judgment by default against a party who has not

appeared in the case").

#### 1.  *Subject Matter Jurisdiction*

Ms. Collins states that the Court has subject matter jurisdiction pursuant to 28

U.S.C. §§ 1331 and 1338(a).  Docket No. 1 at 2, ¶ 7.  Under 28 U.S.C. § 1331, the

"district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States."  Pursuant to 28 U.S.C. § 1338(a),

the "district courts shall have original jurisdiction of any civil action arising under any Act

of Congress relating to . . . copyrights."  The Court finds that it has subject matter

jurisdiction over Ms. Collins's copyright claim pursuant to 28 U.S.C. § 1331 because the

claim arises under federal law.  Furthermore, 28 U.S.C. § 1338(a) gives the Court

original jurisdiction over any civil action relating to copyrights.

### 2. Personal Jurisdiction

The plaintiff bears the burden of establishing personal jurisdiction.  *Rambo v. Am.*

*S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988).  Plaintiff can satisfy its burden by

making a prima facie showing.  *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d

1063, 1070 (10th Cir. 2008).  The court will accept the well-pled allegations of the

complaint as true in determining whether plaintiff has made a *prima facie* showing that

personal jurisdiction exists.  *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054,

1057 (10th Cir. 2008).  If the presence or absence of personal jurisdiction can be

established by reference to the complaint, the court need not look further.  *Id.*  The

plaintiff, however, may also make this *prima facie* showing by putting forth evidence

that, if proven to be true, would support jurisdiction over the defendant.  *Id.*

"In determining whether a federal court has personal jurisdiction over a

defendant, the court must determine (1) whether the applicable statute potentially

confers jurisdiction by authorizing service of process on the defendant and (2) whether

the exercise of jurisdiction comports with due process."  *Trujillo v. Williams*, 465 F.3d

1210, 1217 (10th Cir. 2006) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d

1206, 1209 (10th Cir. 2000)).  The Colorado long-arm statute, Colo. Rev. Stat. § 13-1-

124, has been construed to extend jurisdiction to the full extent permitted by the

Constitution, so the jurisdictional analysis here reduces to a single inquiry of whether

jurisdiction offends due process.  *See Dudnikov*, 514 F.3d at 1070; *Archangel Diamond*

*Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005).  Personal jurisdiction comports with

due process where a defendant has minimum contacts with the forum state and where

those contacts are such that assuming jurisdiction does not offend "traditional notions of

fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316

(1945).  Minimum contacts may be established under the doctrines of general

jurisdiction or specific jurisdiction.  *Howarth v. TCER, LLC*, 20-cv-03230-PAB-KMT,

2021 WL 4775270, at *2 (D. Colo. Oct. 13, 2021).

Furthermore, proper service is a jurisdictional prerequisite to litigation.  *Jenkins v.*

*City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998) ("Effectuation of service is a

precondition to suit.").  Without proper service, the court lacks personal jurisdiction over

a defendant.  *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th

Cir. 1992).

### a.  Service of Process

Federal Rule of Civil Procedure 4(h) governs the service of corporations.  Rule

4(h)(1)(B) provides that a plaintiff may serve process on a corporation "by delivering a

copy of the summons and of the complaint to an officer, a managing or general agent,

or any other agent authorized by appointment or by law to receive service of process."

Fed. R. Civ. P. 4(h)(1)(B); *see also Howarth*, 2021 WL 4775270, at *3.  Binduo is a

corporation.  Docket No. 1 at 2, ¶ 6.  In the alternative, a plaintiff may serve a

corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual."  Fed. R.

Civ. P. 4(h)(1)(A).  Rule 4(e)(1) allows service to be made "following state law" for either

the state where the district court is located or where service is made.  Fed. Civ. P.

7

4(e)(1).  "The purpose of Rule 4(h) is to ensure that when a litigant serves process on a corporation, the process is delivered to a person of sufficient rank and control in the corporation such that the court can be reasonably assured that those corporate officials responsible for responding to the suit will actually be apprised of its pendency." *Howarth*, 2021 WL 4775270, at *3 (quoting *Inversora Murten SA v. Energoprojekt Holding Co*., No. 06-cv-02312-MSK, 2009 WL 179463, at *4 (D. Colo. Jan. 22, 2009)).

Under Colorado law, a plaintiff can effectuate service on a corporation by delivering service of process to:

> the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of [Colorado] or of any other jurisdiction, or that agent's secretary or assistant, or one of the following:
>
> (A) An officer of any form of entity having officers, or that officer's secretary or assistant;
>
> (B) A general partner of any form of partnership, or that general partner's secretary or assistant;
>
> (C) A manager of a limited liability company or limited partnership association in which management is vested in managers rather than members, or that manager's secretary or assistant;
>
> (D) A member of a limited liability company or limited partnership association in which management is vested in the members or in which management is vested in managers and there are no managers, or that member's secretary or assistant;
>
> (E) A trustee of a trust, or that trustee's secretary or assistant;
>
> (F) The functional equivalent of any person described in paragraphs (A) through (E) of this subsection (4), regardless of such person's title. . . .
>
> (G) If no person listed in subsection (4) of this rule can be found in this state, upon any person serving as a shareholder, member, partner, or other person having an ownership or similar interest in, or any director, agent, or principal employee of such entity, who can be found in this state, or service as otherwise provided by law.

8

Colo. R. Civ. P. 4(e)(4).  Under Colorado law, service can also be effectuated on an

entity by mail under Colo. Rev. Stat. § 7-90-704(2), which states in relevant part:

> if the registered agent is not located under its registered agent name at its
> registered agent address, or if the registered agent cannot with reasonable
> diligence be served, the entity may be served by registered mail or by certified
> mail, return receipt requested, addressed to the entity at its principal address.

Colo. Rev. Stat. § 7-90-704(2).  Service under Colo. Rev. Stat. § 7-90-704(2) is

perfected at the earliest of: (a) the date the entity receives the process, notice, or

demand; (b) the date shown on the return receipt, if signed on behalf of the entity; or (c)

five days after mailing.  *Id.*, § 7-90-704(2)(a)-(c).

Ms. Collins states that Binduo was served pursuant to Colo. Rev. Stat. § 7-90-

704(2).  Docket No. 32-1 at 2.  The certificate of service states that a copy of the

summons, complaint, and exhibits was served on Binduo via USPS Certified Mail at the

address for Binduo's listed registered agent:

> Binduo Electronic Business Inc
> c/o Nana Guo
> 1329 Main Street
> Carbondale, CO 81623

Docket No. 13.  This mailing address is Binduo's principal place of business.  *See*

Docket No. 1 at 2, ¶ 6.  Pursuant to Colo. Rev. Stat. § 7-90-704(2), a plaintiff may serve

a corporation that has a registered agent by certified mail at the corporation's "principal

address" if (1) the registered agent is not located under its registered agent name at its

registered agent address; or (2) the registered agent cannot be served with reasonable

diligence.  Colo. Rev. Stat. § 7-90-704(2).

Ms. Collins previously moved for default judgment.  Docket No. 21.  The Court

denied that motion for failure to perfect service, stating that:

Ms. Collins provides no evidence that Binduo's registered agent is not located
under its registered agent name at its registered agent address. Furthermore,
Ms. Collins provides no evidence that she attempted to serve Binduo's registered
agent by any means other than certified mail. Because Ms. Collins has failed to
show that the registered agent could not be located at the listed address or be
served with reasonable diligence, the Court finds that service via certified mail
does not constitute proper service.

Docket No. 28 at 4. In that March 26, 2024 order, the Court directed Ms. Collins to

serve Binduo within 30 days of the entry of the order. *Id.* at 5. Instead, Ms. Collins

asked the Court to reconsider its order denying default judgment. Docket No. 29. The

motion pointed to a declaration (the "Freeman declaration") filed by another one of Ms.

Collins's attorneys, James Freeman. *Id.* at 2-3. The Freeman declaration, filed on

February 13, 2023, states that:

On January 19, 2023, Plaintiff attempted to serve Defendant Binduo Electronic
Business, Inc. ("Defendant") through the registered agent listed on the Colorado
Secretary of State's website. The attempt was unsuccessful and it appears
Defendant has failed to update the correct address for its registered agent.
Accordingly, on February 8, 2023, Plaintiff mailed Defendant, by U.S. Certified
Mail, a copy of the summons and complaint to its last known business.

Docket No. 11-1 at 1-2, ¶ 4. Ms. Collins argued that, based on the Freeman

declaration, the Court should reconsider its March 26, 2024 order and find that she did

submit sufficient evidence demonstrating that service via certified mail under Colo. Rev.

Stat. § 7-90- 704(2) was proper. Docket No. 29 at 2-3. The Court denied the motion for

reconsideration, noting that it was Ms. Collins's responsibility to attach or otherwise

reference the Freeman declaration as part of the motion for default judgment. *See*

Docket No. 31 at 3-4. However, the Court gave Ms. Collins the opportunity to "file a

complete motion for default judgment on or before April 10, 2025." *Id.* at 4.

On April 10, 2025, Ms. Collins filed the motion for default judgment that is the subject of

this order. Docket No. 32. Ms. Collins again fails to attach or otherwise reference the

Freeman declaration. However, given that the Court is now aware of the Freeman declaration, the Court will consider it. Based on Mr. Freeman's assertion that Binduo has failed to keep current the address for its registered agent, the Court finds that "the registered agent is not located under its registered agent name at its registered agent address." *See* Colo. Rev. Stat. § 7-90-704(2). Thus, the Court finds that Ms. Collins was entitled to serve Binduo via certified mail and that service was perfected on February 14, 2023 – five days after Ms. Collins mailed a copy of the summons and complaint to Binduo. *See* Docket No. 32-1 at 2; Colo. Rev. Stat. § 7-90-704(2)(c).

### b. Due Process

General jurisdiction extends to "any and all claims" brought against a defendant, including claims that have no relation to the forum state. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (citation omitted). A court may exercise general jurisdiction only when a defendant is "essentially at home" in the state. *Id.* For corporations, "the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (citation omitted); *see also Ford Motor Co.*, 592 U.S. at 359. "Courts have held that *Daimler* applies with equal force to limited liability companies." *Bliss v. Change Healthcare Operations LLC*, 2021 WL 706770, at *1 (W.D. Okla. Feb. 23, 2021) (collecting cases). Here, Ms. Collins alleges that Binduo is a Colorado corporation with its principal place of business at 1329 Main Street, Carbondale, Colorado 81623. Docket No. 1 at 2, ¶ 6.[2]

---

[2] The Court notes that the Colorado Secretary of State lists the status of Binduo as "delinquent." *See* Colorado Secretary of State Business Database Search, https://www.coloradosos.gov/biz/BusinessEntityDetail.do?quitButtonDestination=BusinessEntityResults&nameTyp=ENT&masterFileId=20211511211&entityId2=20211511211&fileId=&srchTyp=ENTITY (last visited Jan. 25, 2026). The Secretary of State still lists

Therefore, the Court has general jurisdiction over this case and can exercise personal jurisdiction over Binduo.

### B.  **Merits**

To enter default judgment against Binduo, the Court must find that Binduo, based on the material allegations in the complaint, is liable for copyright infringement.  The Copyright Act gives copyright owners the exclusive right to make copies and derivative works and gives copyright owners a cause of action against anyone who violates the rights of the owner.  17 U.S.C. §§ 106, 501.  To succeed on a copyright infringement action, two elements must be met: (1) the plaintiff has a valid copyright and (2) defendant copied the plaintiff's original work.  *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1177 (10th Cir. 2009) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

Ms. Collins sufficiently alleges that she has a valid copyright.  Ms. Collins states that she authored the Work on December 24, 2018, and that the U.S. Copyright Office registered the Work on June 10, 2021.  Docket No. 1 at 3, ¶¶ 18-19.  A copy of the registration on file with the Copyright Office is attached to the motion for default judgment.  *See* Docket No. 32-4 at 2-4.  A copy of the Work is attached to the complaint.  Docket No. 1-1.  Ms. Collins sufficiently alleges that Binduo copied her original Work.  She states that Binduo owns and operates a vendor account on Walmart's website, Docket No. 1 at 1, ¶ 3, and that Binduo is responsible for the content on the account.  *Id.* at 3, ¶ 14.  Ms. Collins alleges that, on or about February 12, 2022, copied, stored, and displayed the Work on Walmart's website without her permission or

---

this Carbondale, Colorado address as the location both of Binduo's principal place of business and of its registered agent.

direction.  *Id.* at 3-5, ¶¶ 20-29.  Screenshots of the Work being used on Walmart's

website are attached to the complaint.  *See* Docket No. 1-2 at 1-8.  In the context of a

default judgment, where the factual allegations in the complaint are deemed admitted,

*see Olcott*, 327 F.3d at 1125, the Court finds these allegations sufficient to establish a

claim for copyright infringement under 17 U.S.C. § 501.

### C.  Damages

Default judgment requires the court to ascertain the amount of damages.  *See*

*Reg'l. Dist. Council v. Mile High Rodbusters, Inc.,* 82 F. Supp. 3d 1235, 1243 (D. Colo.

2015) (citing *Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984)).  The court must

hold a hearing on the damages claimed before entering default judgment unless "the

amount claimed is a liquidated sum or one capable of mathematical calculation."  *Hunt*

*v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985).  "Actual proof must

support any default judgment for money damages where there is an uncertainty as to

the amount."  *Mile High Rodbusters, Inc.,* 82 F. Supp. 3d at 1243 (citing *Klapprott v.*

*United States*, 335 U.S. 601, 611–12 (1949)).  "While the Court accepts the well-

pleaded facts of the complaint as true on a motion for default judgment, allegations

relating to the amount of damages are generally not accepted as true."  *First Home*

*Bank v. USA Pro Roofing & Constr., LLC*, No. 18-cv-00965-MSK-STV, 2018 WL

6990394, at *3 (D. Colo. Oct. 19, 2018); *see also United States v. Craighead*, 176 F.

App'x 922, 925 (10th Cir. 2006) (unpublished).  "In making an independent

determination of the amount of damages, the court may rely on detailed affidavits or

documentary evidence."  *BMO Harris Bank N.A. v. Marjanovic*, No. 19-cv-02945-CMA-

KMT, 2021 WL 307501, at *4 (D. Colo. Jan. 29, 2021) (citations and quotation omitted).

The victim of copyright infringement is entitled to actual damages, including any profits of the infringer, or to statutory damages.  17 U.S.C. § 504(a).  Section 504 states, in relevant part:

> (b) Actual Damages and Profits–The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages.  In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.
>
> (c) Statutory Damages–
>
>> 1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just.  For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

17 U.S.C. § 504.  In her complaint, Ms. Collins asks for "an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger."  Docket No. 1 at 8.  In her motion for default judgment, Ms. Collins requests statutory damages.  Docket No. 32 at 1.  Therefore, Ms. Collins has elected a statutory award.

Ms. Collins seeks statutory damages for willful infringement in the amount of $5,000.  *Id.*  Ms. Collins bases her calculation on a reasonable licensing fee of $1,000 and asks the Court to award damages at a multiple of five.  Docket No. 32-1 at 5.

Although Ms. Collins states that she does not have any licensing fee history for the
infringed-upon Work, she submits a "benchmark license fee for a similar graphic artwork
[she] licensed back in 2017 for $500."  Docket No. 32-2 at 2, ¶ 8.  Ms. Collins states that
her licensing rate has since increased to $1,000 and that use of the Work on "a big-box
retail website commands a higher market rate."  *Id.*  Ms. Collins provides a copy of the
benchmark license fee.  *See* Docket No. 32-5.

The Court has the discretion to award statutory damages ranging from $750 to
$30,000, and up to $150,000 if the infringement was committed willfully, for "all
infringements involved in the action, with respect to any one work."  17 U.S.C.
§ 504(c)(1)-(2).  "An infringer is liable for the number of original works infringed, not for
the number or type of copies made."  *Arclightz & Films Pvt. Ltd. v. Video Palace Inc.*,
303 F. Supp. 2d 356, 361 (S.D.N.Y. 2003).  Here, Ms. Collins alleges that one of her
copyrighted works was infringed by Binduo.  *See* Docket No. 1 at 3, ¶ 20.

Ms. Collins submits copies of the eight listings Binduo made on Walmart that
infringement on the Work.  Docket No. 1-2 at 1-8.  The nature of the posts supports
willfulness, as they describe the Work as the "Binduo Cute Cat," essentially claiming the
product as Binduo's own, and incorporate the Work into a picture kit that is for sale.
*See id.*  The Court finds that this information constitutes sufficient allegations of
willfulness.  *See Animaccord Ltd. v. Individuals, Partnerships & Unincorporated
Associations Identified on Schedule "A"*, 2023 WL 6206452, at *15 (E.D. Va. Feb. 28,
2023), *report and recommendation adopted*, 2023 WL 3940548 (E.D. Va. June 9, 2023)
(finding willfulness when "[t]he Default Defendants purposefully sold counterfeit goods
online that copied or imitated [the copyrighted work], without seeking or obtaining

authorization" and noting the "unique" and "distinctive" nature of the copyrighted work.);
*Wondie v. Mekuria*, 742 F. Supp. 2d 118, 123 (D.D.C. 2010) (finding willfulness from the
combination of the defendant's default and the fact that "defendant made unauthorized
copies of the Painting, removed the plaintiff's copyright notice and sold the unauthorized
copies for profit without the plaintiff's knowledge or authorization.").[3]

  "An award of statutory damages is appropriate in the default judgment context
because the information needed to prove actual damages is within the infringers'
control." *Tague v. Mind Rocket, LLC*, 2023 WL 11992382, at *2 (D. Colo. Mar. 1, 2023)
(internal quotations and citation omitted).  Because of the important deterrent purposes
served by statutory damages, courts routinely award statutory damages that are
between two and three times license fees.  *See Girlsongs v. 609 Industries, Inc.*, 625 F.
Supp. 2d 1127, 1131 (D. Colo. 2008) (collecting cases).  The Court finds that Ms.
Collins's basis for asserting that her license fee has increased from $500 to $1,000 is
unsupported given the fact that she did not produce any examples of a license
agreement charging that rate.  The Court will not pair that uncertainty with a five times
multiple, since routine awards tend to be between two and three times license fees, and
the Court does not find circumstances surrounding this case that differentiate it from
typical infringement cases.  *See id.*  The Court finds that an award of $2,000 – twice the
asserted reasonable license fee and four times the supported license fee – is
reasonable and appropriate under the circumstances.

---

  [3] Other courts have assumed that a defendant's default by itself is sufficient to
establish that the defendant willfully infringed a plaintiff's copyright.  *See Arista Recs.,
Inc. v. Beker Enterprises, Inc.*, 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003) (collecting
cases).

### D.  Attorney's Fees

The court "may . . . award a reasonable attorney's fee to the prevailing party as

part of the costs."  17 U.S.C. § 505.  "[A]ttorney's fees are to be awarded to  prevailing

parties only as a matter of the court's discretion."  *Fogerty v. Fantasy, Inc.*, 510 U.S.

517, 534 (1994).  There is no "precise rule or formula" for determining whether fees

should be awarded.  *Id.*  However, the Supreme Court has endorsed four non-

exhaustive factors to consider: frivolousness, motivation, objective unreasonableness,

and the need to advance considerations of compensation and deterrence.  *Id*. at 1033

n.19.  The Court addresses each in turn.

First, Ms. Collins's claim is not frivolous.  The Work has had a registered

copyright since 2021, with Ms. Collins having the exclusive right to license the copyright.

Docket No. 1 at 3, 6, ¶¶ 18-19, 41.  Binduo does not have a license to use the Work.  *Id*.

at 6, ¶ 41.  Ms. Collins learned in February 2022 that Binduo used the Work without

authorization, as evidenced by the Walmart postings by Binduo's account featuring the

Work.  *Id.* at 3-5, ¶¶ 20-26.

Second, there does not appear to be any improper motivation by Ms. Collins.

Ms. Collins brings a suit to assert her right to the copyright which she has the exclusive

right to license.  *Id.* at 3, ¶ 19.  The Court has no reason to doubt Ms. Collins's

motivation, especially given the valid grounds for the suit.  Third, Ms. Collins's suit is

objectively reasonable.  As discussed in regard to frivolousness, Ms. Collins had valid

reason to believe that Binduo used the Work without authorization.

Fourth, considerations of compensation and deterrence lean in favor of attorney's

fees.  To ensure that Ms. Collins is compensated for pursuing this action against a

dilatory defendant, attorney's fees are appropriate.  *See Tague*, No. 2023 WL
11992382, at *3 ("Courts in this district have routinely awarded costs and fees under
§ 505 as part of a default judgment").  A fee award would also serve to deter Binduo
from continued infringement.

To determine a reasonable fee request, a court must begin by calculating the
"lodestar amount."  *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998)
(discussing a reasonable attorney's fee under 42 U.S.C. § 1988(b)).  The lodestar
amount is the "number of hours reasonably expended on the litigation multiplied by a
reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  A party
seeking an award of attorney's fees must establish the reasonableness of each dollar
and each hour for which the party seeks an award.  *Jane L. v. Bangerter*, 61 F.3d 1505,
1510 (10th Cir. 1995).

A "reasonable rate" is defined as the prevailing market rate in the relevant
community for an attorney of similar experience.  *Guides, Ltd. v. Yarmouth Group Prop.
Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan*, 73 F.3d 1012,
1018 (10th Cir. 1996).  The party requesting fees bears "the burden of showing that the
requested rates are in line with those prevailing in the community."  *Ellis v. Univ. of Kan.
Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998).  To satisfy his burden, Ms. Collins
must produce "satisfactory evidence – in addition to the attorney's own affidavits – that
the requested rates are in line with those prevailing in the community for similar services
by lawyers of reasonably comparable skill, experience[,] and reputation."  *Blum v.
Stenson*, 465 U.S. 886, 895 n.11 (1984).

18

Ms. Collins seeks $997.50 in attorney's fees. Docket No. 32 at 2. Ms. Collins
attaches to her motion the affidavit of her attorney, Craig Sanders. Docket No. 32-6.
Mr. Sanders states that he is a founding member and managing partner of Sanders Law
Group, that his firm specializes in copyright enforcement of photographs and videos,
and that he has more than thirty years of experience in the copyright field. *Id.* at 3, ¶ 13.
Mr. Sanders claims that his hourly rate is $525. *Id.* Mr. Sanders asserts that his rates
are consistent with those of the Colorado legal community because a court in this
district has approved an hourly rate of $524.50 for an attorney with thirty years of
copyright experience. *Id.* (citing *Stockart.com, LLC v. Engle*, No. 10-cv-00588-MSK-
MEH, 2011 WL 10894610, at *17 (D. Colo. Feb. 18, 2011). The Court agrees that Mr.
Sanders's hourly rate is reasonable. Mr. Sanders's rate is consistent with the
reasonable hourly rate accepted in *Stockart.com*, which does not account for any
inflation in the legal market over the past fifteen years. *See Stockart.com*, 2011 WL
10894610, at *17.

In determining the reasonableness of the hours expended, a court considers
several factors. First, it considers whether the fees pertain to tasks that would ordinarily
be billed to a client. *See Ramos*, 713 F.2d at 554. Ms. Collins must demonstrate that
her counsel used "billing judgment" in winnowing down the hours actually spent to those
reasonably expended. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir.
2005). If not, a court should take extra care to ensure that an attorney has not included
unjustified charges in his billing statement. *Id.* A court should also consider whether
the amount of time spent on a particular task appears reasonable in light of the
complexity of the case, the strategies pursued, and the responses necessitated by an

opponent's maneuvering.  *Id.*  Ultimately, the court's goal is to fix a fee that would be equivalent to what the attorney would reasonably bill for those same services in an open market.  *Ramos*, 713 F.2d at 555.

Ms. Collins seeks $997.50 in attorney's fees for 1.9 hours of work.  Docket No. 32-6 at 3.  Mr. Sanders claims that he spent 0.7 hours researching and drafting the complaint in this case, and that he spent 1.2 hours drafting the motion for default judgment, including the attorney declaration.  *Id.*  The Court finds that these are tasks that would ordinarily be billed to a client and that the time spent on these tasks appears reasonable in light of the complexity of the case.  The Court finds that the proper lodestar amount of attorney's fees is $997.50.

Section 505, at the discretion of the Court, entitles Ms. Collins to "the recovery of full costs."  17 U.S.C. § 505.  In the motion for default judgment, Ms. Collins requests $400.00 in costs.  Docket No. 32 at 2.  In his affidavit, Mr. Sanders states that the costs consist only of the court filing fee of $400.00.  Docket No. 32-6 at 3, ¶ 14.  These costs are appropriate to award to Ms. Collins, and the Court will award her $400.00 in costs.

### E.  <u>Injunctive Relief</u>

Ms. Collins's complaint requests that the Court issue an order "enjoining Defendant from any infringing use of Plaintiff's works.  Docket No. 1 at 8.  Ms. Collins did not, however, renew this request.  Thus, the Court will not issue an injunction.[4]

---

[4] Even if the Court considered the merits of a request for injunctive relief, it would not issue an injunction for substantially the same reasons discussed in *Great Bowery Inc. v. Vivid Beauty*, No. 25-cv-01772-PAB-KAS, 2026 WL 83947, at *7-8 (D. Colo. Jan. 12, 2026).

### F. Prejudgment and Postjudgment Interest

The Court has discretion regarding whether to award prejudgment interest. *Keybank Nat'l Ass'n v. Nw. Pro. Color, Inc.*, No. 15-cv-2180-WJM-CBS, 2016 WL 1446134, at *3 (D. Colo. Apr. 13, 2016) (citing *Caldwell v. Life Ins. Co. of N. Am.*, 287 F.3d 1276, 1287 (10th Cir. 2002)). Ms. Collins requested prejudgment interest her complaint. Docket No. 1 at 8. She did not request it in her motion for default judgment, and the proposed form of judgment submitted as an attachment to the motion for default judgment does not include an award of prejudgment interest. *See* Docket No. 32-10 at 1-2. Moreover, Ms. Collins does not propose at what rate prejudgment interest would accrue or argue why it should be entitled to such interest. Other courts in this district have declined to award prejudgment interest when the plaintiff failed to specify how such interest would be calculated. *See Baxter Constr. Co., LLC v. SF Constr., Inc.*, No. 22-cv-01117-NYW, 2024 WL 1537998, at *3 (D. Colo. Apr. 9, 2024); *Japan Bio Sci. Lab'y Co., Ltd. v. N-ZymeCeuticals, Inc.*, No. 07-cv-02635-DME-MJW, 2009 WL 1117437, at *2 (D. Colo. Apr. 23, 2009). Thus, the Court will not award prejudgment interest.

Plaintiff is, however, entitled to postjudgment interest pursuant to 28 U.S.C. § 1961. *See N. Star Sci. Sols., LLC v. Michigan Health Clinics*, No. 24-cv-00541-GPG-STV, 2025 WL 902427, at *6 (D. Colo. Feb. 25, 2025), *report and recommendation adopted*, 2025 WL 1251222 (D. Colo. Mar. 27, 2025) ("[p]ost-judgment interest . . . is mandatory under 28 U.S.C. § 1961").

In her motion for default judgment, Ms. Collins requests that the Court "retain jurisdiction over any matter pertaining to this judgment." Docket No. 32 at 2. Pursuant to this Court's practice standards, "the Court will not retain jurisdiction" except in

"extraordinary circumstances."  Practice Standards (Civil Cases), Chief Judge Philip A.

Brimmer, § I.H.5 ("Any motion or stipulation for dismissal requesting that the Court

retain jurisdiction after dismissal shall explain in detail the extraordinary circumstances

necessitating such an approach.").  Ms. Collins has made no showing of extraordinary

circumstances requiring the Court to retain jurisdiction over this case.  Therefore, the

Court denies Ms. Collins's request for the Court to retain jurisdiction.

## IV.  CONCLUSION

Therefore, it is

**ORDERED** that Plaintiff's Motion for Default Judgment [Docket No. 32] is

**GRANTED**.  It is further

**ORDERED** that judgment shall enter in favor of plaintiff Peggy Collins and

against defendant Binduo Electronic Business, Inc. for statutory damages of $2,000.  It

is further

**ORDERED** that defendant Binduo Electronic Business, Inc. shall pay plaintiff

Peggy Collins $997.50 in attorney's fees and $400.00 in costs.  It is further

**ORDERED** that this case is closed.


DATED January 28, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge